UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RONDA HOF WESTERN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-CV-00048 JAR |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Ronda Hof Western's ("Western") application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*.

**I.     Background**

Western, who was born on April 9, 1966, filed an application for disability insurance benefits on April 8, 2013, alleging disability beginning March 16, 2013, due to pain and complications resulting from fibromyalgia. After her application was denied at the initial administrative level, she requested a hearing before an administrative law judge ("ALJ"). Following a hearing on October 21, 2014, the ALJ issued a written decision on December 10, 2014, finding that Western had the residual functional capacity ("RFC") to perform certain jobs that exist in significant numbers in the national economy, and was thus not disabled under the Act. Western's request for review by the Appeals Council was denied on February 25, 2016.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Thus, the decision of the ALJ stands as the final decision of the Commissioner. See Sims v. Apfel, 530 U.S. 103, 107 (2000).

## II. Facts

The Court adopts Western's Statement of Uncontroverted Facts (Doc. No. 14-1) and Defendant's Statement of Additional Facts (Doc. No. 19-2). The Court's review of the record shows that the adopted facts are accurate and complete. Specific facts will be discussed as part of the analysis.

## III. Standards

The court's role on judicial review is to determine whether the ALJ's findings are supported by substantial evidence in the record as a whole. Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2009). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." Id. (citations omitted). The court may not reverse merely because substantial evidence exists in the record that would support a contrary outcome or because the court would have decided the case differently. See Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002).

To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;
(2) The education, background, work history, and age of the claimant;
(3) The medical evidence given by the claimant's treating physicians;
(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
(5) The corroboration by third parties of the claimant's physical impairment;
(6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
(7) The testimony of consulting physicians.

Brand v. Sec'y of Dept. of Health, Educ. & Welfare, 623 F.2d 523, 527 (8th Cir. 1980).

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920(a), 404.1520(a). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (quoting Eichelberger v. Barnhart, 390 F.3d 584, 590-91 (8th Cir. 2004)). First, the claimant must not be engaged in "substantial gainful activity." 20 C.F.R. §§ 416.920(a), 404.1520(a). Second, the claimant must have a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 416.920(c), 404.1520(c). The severity of mental disorders is determined by rating the claimant's degree of limitations in four areas of functioning: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. § 404.1520a(c)(3). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal

impact on [his or] her ability to work." Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001).

Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. Id.

Before considering step four, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is defined as "the most a claimant can do despite [his] limitations." Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)). At step four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); McCoy v. Astrue, 648 F.3d 605, 611 (8th Cir. 2011). If the claimant can still perform past relevant work, he will not be found to be disabled; if the claimant cannot, the analysis proceeds to the next step. Id.

At step five, the ALJ considers the claimant's RFC, age, education, and work experience to see if the claimant can make an adjustment to other work in the national economy. 20 C.F.R. §§ 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, then he will be found to be disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v).

Through step four, the burden remains with the claimant to prove that he is disabled. Brantley, 2013 WL 4007441, at *3 (citation omitted). At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. Id. "The ultimate burden of persuasion to prove disability,

however, remains with the claimant." Meyerpeter v. Astrue, 902 F. Supp.2d 1219, 1229 (E.D. Mo. 2012) (citations omitted).

## IV. Decision of the ALJ

The ALJ found that Western had the severe impairments of fibromyalgia, depression and anxiety but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. In assessing Western's mental impairments at these steps, the ALJ considered the "paragraph B" criteria discussed above and concluded that Western was only mildly restricted in activities of daily living. The ALJ also found Western had moderate difficulties in social functioning, and in concentration, persistence and pace. Western had experienced no episodes of decompensation.

After considering the entire record, the ALJ determined that Western had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with certain limitations, such as sitting, standing and walking for six out of eight hours per day; lifting 20 pounds occasionally and ten pounds frequently; and performing simple, repetitive tasks with only occasional contact with the public and co-workers. The ALJ relied on the testimony of a vocational expert that an individual with Western's RFC and vocational factors could perform certain jobs that existed in substantial numbers in the national economy, such as inspector, assembler, and packer. Thus, the ALJ found Western was not disabled as defined by the Act.

## V. Discussion

In her appeal of the Commissioner's decision, Western raises three issues. First, the ALJ failed to properly consider her complaints of insomnia. Second, the ALJ failed to properly evaluate her subjective complaints. Third, the ALJ failed to properly evaluate the medical opinion evidence. Because the ALJ erred in evaluating the medical opinion evidence, the Court

will only address that issue. Stidum v. Colvin, No. 4:13CV1590 JAR, 2014 WL 4714748, at *5 (E.D. Mo. Sept. 22, 2014).

The ALJ must "give good reasons" to explain the weight given medical opinions, whether by treating or consultative examiners. 20 C.F.R. § 404.1527(c)(2). Once the ALJ has decided how much weight to give a medical opinion, the Court's role is limited to reviewing whether substantial evidence supports this determination, not deciding whether the evidence supports the claimant's view of the evidence. See Brown v. Astrue, 611 F.3d 941, 951 (8th Cir. 2010).

The record contains five statements of disability submitted by Western's treating physician, Dr. Stanley Jones, on June 7, 2011, October 26, 2012, January 7, 2013, September 27, 2014, and October 30, 2014 (Tr. 504, 577, 566, 745-46, 747). In his June 7, 2011 report, Dr. Jones diagnosed fibromyalgia and opined that Western could work 4 hours per day; stand 30 minutes at one time and stand 60 minutes in a work day; sit 30 minutes at a time and for 2 hours in a workday; lift 5 pounds occasionally and frequently; occasionally bend and stoop; never balance; frequently fine manipulate and gross manipulate with both hands; occasionally lift her right and left arm above the shoulder; never work around dangerous equipment; occasionally operate a motor vehicle; frequently tolerate heat; never tolerate cold; occasionally tolerate dust, smoke or fume exposure; and frequently tolerate noise exposure. She had no vision limitations and did not need to elevate her legs during an 8-hour workday. (Tr. 504)

In his report dated October 26, 2012, Dr. Jones diagnosed Western with severe fibromyalgia and opined that she suffered from moderate pain. He did not indicate how many hours a day she could work, but opined as to the following limitations and abilities: Western could stand at one time for 15 minutes and for 60 minutes in a work day; sit at one time for 30

minutes and for 2 hours in a work day; lift 10 pounds on an occasional basis and 5 pounds on a frequent basis; and occasionally bend, stoop, and balance. Western could frequently fine manipulate and gross manipulate with both hands and occasionally lift her right and left arms above the shoulder. ; never work around dangerous equipment; occasionally operate a motor vehicle; frequently tolerate heat and noise exposure and occasionally tolerate cold and dust, smoke or fumes exposure. In Dr. Jones' opinion, Western had no vision limitations and did not need to elevate her legs during an 8-hour workday. (Tr. 557)

The ALJ never mentioned these two opinions in his decision. In her brief, the Commissioner seemingly argues the ALJ had reason to disregard these opinions because they predated the relevant period at issue and were offered during a period when a different ALJ had already ruled she was not disabled (Doc. No. 19 at 11). According to the social security regulations, however, an ALJ is required to consider *all* medical opinions in the record. See 20 C.F.R. § 404.1527(c)(2). The regulations do not provide any exception to that requirement for opinions that pre-date a claimant's onset date. See id. Indeed, the Eighth Circuit has found that an ALJ may not simply ignore medical opinions because they pre-date the onset of disability or post-date the last insured date, since that evidence can be relevant to a claim of disability. See Burks–Marshall v. Shalala, 7 F.3d 1346, 1348 n. 6 (8th Cir. 1993) ("Evidence from the record of a prior claim may be relevant to a claim of disability with a later onset date."); Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (there is no valid reason to exclude consideration of medical records dated prior to [claimant's] alleged date of onset); Kriebaum v. Astrue, 280 Fed. Appx 555, 558 n. 4 (8th Cir. 2008); Pirtle v. Astrue, 479 F.3d 931, 934 (8th Cir. 2007). While evidence or medical records offered as proof of a disability, and not found persuasive by an ALJ in a prior proceeding, cannot be considered as new evidence in this proceeding, it can be

considered as "background for new and additional evidence of deteriorating mental or physical conditions occurring after the prior proceeding." Mabry v. Colvin, 815 F.3d 386, 390 (8th Cir. 2016) (quoting Hillier v. Soc. Sec. Admin., 486 F.3d 359, 365 (8th Cir. 2007)).

The Commissioner also acknowledges the ALJ did not address Dr. Jones' medical statement of October 30, 2014. The statement was in checklist form, indicating a history of widespread pain for three or more months; pain in 11 or more pressure points; stiffness; sleep disturbance; and chronic fatigue (Tr. 747). The Commissioner contends that to the extent this statement constitutes an opinion for purposes of the regulations, it is consistent with the ALJ's decision (Doc. No. 19 at 12-13). The Commissioner further argues that an ALJ is not required to discuss every piece of evidence submitted. (Id. at 13) Although an ALJ may disregard conclusory opinions such as these, see Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010), the ALJ in this case did not state that he was disregarding them for that reason, or, indeed, for any reason. See McCadney v. Astrue, 519 F.3d 764, 767 (8th Cir. 2008) (while an ALJ may discount a treating physician's opinion "if the record warrants" it, the ALJ must explain why he did so).

## VI. Conclusion

Although the ALJ stated that he considered all of the opinion evidence, he never mentioned Dr. Jones' opinions from June 7, 2011, October 26, 2012, or October 30, 2014 in his decision. It therefore appears the ALJ failed to consider Dr. Jones' opinions at all. By so doing, he committed error. For these reasons, the ALJ's determination that Western retained the RFC to perform light work was not supported by substantial evidence on the record as a whole. This cause should, therefore, be remanded to the Commissioner so that the medical opinion evidence may be properly considered.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order. A separate Judgment will accompany this Order.

Dated this 20th day of April, 2017.

/s/ John A. Ross
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**